## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>**100 F Street, N.E.**<br>**Washington, DC 20549,**<br><br>      **Plaintiff,**<br><br>   v.<br><br>**CON-WAY INC.,**<br>c/o Charles F. Walker, Esq.<br>Jennifer L. Spaziano, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>1440 New York Avenue, N.W.<br>Washington, DC 20005,<br><br>      **Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   C.A. No. _____ (___)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

## SUMMARY

1.      The Commission seeks the imposition of a civil penalty against Defendant Con-way Inc. ("Defendant" or "Con-way").

2.      This matter involves Con-way's violations of the books and records, and internal controls provisions of the Foreign Corrupt Practices Act ("FCPA") through a Philippine-based firm, Emery Transnational. From 2000 to 2003, Emery Transnational made hundreds of small payments totaling at least $417,000 to Philippine customs officials and to officials of numerous majority foreign state-owned airlines. These

payments were made with the purpose and effect of improperly influencing these foreign officials to assist Emery Transnational to obtain or retain business. In connection with these improper payments, Con-way failed to accurately record these payments on the company's books and records, and knowingly failed to implement or maintain a system of effective internal accounting controls.

## JURISDICTION

3.      This Court has jurisdiction pursuant to Sections 21(d)(3) and 27 of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78u(d)(3) and 78aa].

## DEFENDANT

4.      Con-way Inc. is a Delaware corporation with its headquarters in San Mateo, California. Con-way is an international freight transportation and logistics services company that conducts operations in a number of foreign jurisdictions. During the relevant period, the company was named CNF, Inc. The company changed its name to Con-way in April 2006. Con-way's common stock is registered with the Commission pursuant to Section 12(b) of the Exchange Act and is traded on the New York Stock Exchange.

## OTHER RELEVANT ENTITIES

5.      Menlo Worldwide Forwarding, Inc. ("Menlo Forwarding") was a wholly-owned U.S.-based subsidiary of Con-way that Con-way purchased in 1989. During the relevant period, Menlo Forwarding was named Emery Air Freight Corporation and was headquartered in Redwood City, California. Menlo Forwarding had a 55% voting

interest in Emery Transnational. Con-way sold Menlo Forwarding to United Parcel Service of America, Inc. ("UPS") in December 2004.

6.      Emery Transnational was a Manila, Philippines-based firm engaged in shipping and freight operations within the Philippines. Emery Transnational was also sold to UPS in December 2004.

## FACTS

7.      During the relevant period, Con-way and Menlo Forwarding engaged in little supervision or oversight over Emery Transnational. Neither Con-way nor Menlo Forwarding took steps to devise or maintain internal accounting controls concerning Emery Transnational, to ensure that it acted in accordance with Con-way's FCPA policies, or to make certain that its books and records were detailed or accurate.

8.      During the relevant period, Con-way and Menlo Forwarding required only that Emery Transnational periodically report back to Menlo Forwarding its net profits, from which Emery Transnational then paid Menlo Forwarding a yearly 55% dividend. Menlo Forwarding incorporated the yearly 55% dividend into its financial results, which were then consolidated in Con-way's financial statements. Neither Con-way nor Menlo Forwarding asked for or received any other financial information from Emery Transnational. Accordingly, neither Con-way nor Menlo Forwarding maintained or reviewed any of the books and records of Emery Transnational – including the records of operating expenses, which should have reflected the illicit payments made to foreign officials.

9.      Emery Transnational made hundreds of small payments to foreign officials at the Philippines Bureau of Customs and the Philippine Economic Zone Area

between 2000 and 2003 in order to obtain or retain business. These payments were made to influence the acts and decisions of these foreign officials and to secure a business advantage or economic benefit. By these payments, foreign officials were induced to: (i) violate customs regulations by allowing Emery Transnational to store shipments longer than otherwise permitted, thus saving the company transportation costs related to its inbound shipments; and (ii) improperly settle Emery Transnational's disputes with the Philippines Bureau of Customs, or to reduce or not enforce otherwise legitimate fines for administrative violations.

10.     To generate funding for these payments, Emery Transnational employees submitted a Shipment Processing and Clearance Expense Report ("SPACER") to Emery Transnational's finance department. These SPACER reports requested cash advances to complete customs processing. The cash advances were then issued via checks made payable to Emery Transnational employees, who cashed the checks and paid the money to designated foreign officials. Unlike legitimate customs payments, the payments at issue were not supported by receipts from the Philippines Bureau of Customs and the Philippine Economic Zone Area. Emery Transnational did not identify the true nature of these payments in its books and records. During the period 2000 to 2003, these payments total at least $244,000.

11.     Emery Transnational, in order to obtain or retain business, also made numerous payments to foreign officials at fourteen state-owned airlines that did business in the Philippines between 2000 and 2003. These payments were made with the intent of improperly influencing the acts and decisions of these foreign officials and to secure a business advantage or economic benefit. Emery Transnational made two types of

4

payments. The first type of payments were known as "weight shipped" payments, which were made to induce airline officials to improperly reserve space for Emery Transnational on the airplanes. These payments were valued based on the volume of the shipments the airlines carried for Emery Transnational. The second type of payments were known as "gain shares" payments, which were paid to induce airline officials to falsely under-weigh shipments and to consolidate multiple shipments into a single shipment, resulting in lower shipping charges. Emery Transnational paid the foreign officials 90% of the reduced shipping costs.

12.    Both types of payments to foreign airline officials were paid in cash by members of Emery Transnational's management team. Checks reflecting the amount of the "weight shipped" and "gain shares" payments were issued to these managers, who cashed the checks and personally distributed the cash payments to the foreign airline officials. Emery Transnational did not characterize these payments in its books and records as bribes. During the period 2000 to 2003, these payments totaled at least $173,000. Neither Con-way nor Menlo Forwarding requested or received any records of these payments, or any of Emery Transnational's expenses, during this period.

## FIRST CLAIM

### [Violations of Exchange Act Section 13(b)(2)(A)]

13.    Paragraphs 1 through 12 are realleged and incorporated by reference.

14.    Section 13(b)(2)(A) of the Exchange Act requires public companies to make and keep books, records, and accounts that accurately and fairly reflect the transactions and dispositions of their assets.

15.    As described above, Con-way's books, records, and accounts did not properly reflect the illicit payments made by Emery Transnational to Philippine customs officials and to officials of majority state-owned airlines. By reason of the foregoing, Con-way violated Exchange Act Section 13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)].

## SECOND CLAIM

### [Violations of Exchange Act Section 13(b)(2)(B)]

16.    Paragraphs 1 through 15 are realleged and incorporated by reference.

17.    Section 13(b)(2)(B) of the Exchange Act requires public companies to devise and maintain a system of internal controls sufficient to provide reasonable assurances that: (i) transactions were executed in accordance with management's general or specific authorization; and (ii) transactions were recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for its assets.

18.    As described above, Con-way failed to devise or maintain sufficient internal controls to ensure that Emery Transnational complied with the FCPA and to ensure that the payments it made to foreign officials were accurately reflected on its books and records. By reason of the foregoing, Con-way violated Exchange Act Section 13(b)(2)(B) [15 U.S.C. § 78m(b)(2)(B)].

## THIRD CLAIM

### [Violations of Exchange Act Section 13(b)(5)]

19.    Paragraphs 1 through 18 are realleged and incorporated by reference.

20.     Section 13(b)(5) of the Exchange Act prohibits any person or company from knowingly circumventing or knowingly failing to implement a system of internal accounting controls as described in Section 13(b)(2)(B), or knowingly falsifying any book, record, or account as described in Section 13(b)(2)(A).

21.     By knowingly failing to implement a system of internal accounting controls concerning Emery Transnational, Con-way violated Exchange Act Section 13(b)(5) [15 U.S.C. § 78m(b)(5)].

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court enter a judgment directing Defendant Con-way Inc. to pay a civil penalty in the amount of $300,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Respectfully submitted,

Scott W. Friestad
Robert B. Kaplan
Julie M. Riewe (DC Bar No. 472470)
James J. Bresnicky (DC Bar No. 453713)

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC  20549-6041-B
(tel)  (202) 551-4533 (Bresnicky)
(fax) (202) 772-9237 (Bresnicky)
bresnickyj@sec.gov

Dated: August 27, 2008

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Securities and Exchange Commission<br>100 F. Street, N.E.<br>Washington DC 20549    1001 | Con-way Inc.<br>c/o Charles F. Walker, Esq./Jennifer L. Spaziano, Esq./Skadden Arps (law firm)<br>1440 New York Avenue, NW Washington DC 20005 |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___San Mateo, CA___<br>(IN U.S. PLAINTIFF CASES)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>James J. Bresnicky, SEC<br>100 F. Street N.E.<br>Washington DC 20549<br>(202) 551-4533 | Case: 1:08-cv-01478<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 8/27/2008<br>Description: General Civil |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ◎ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☒ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

SEC seeking civil penalty by consent, pursuant to Securities Exchange Act of 1934 Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ $300,000.00 penalty  Check YES only if demanded in complaint<br>JURY DEMAND:  YES ☐  NO ☒ |
|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 8/27/08   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.